UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-935-JD-JEM |
| CENTURION, | |
| Defendant. | |

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed a complaint seeking damages for not being provided a wheelchair at Indiana State Prison. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that he has multiple sclerosis, which causes one or both of his legs to give out with nearly every step he takes. He was previously incarcerated at Correctional Industries Facility ("CIF"), but he alleges that, after he refused a walker to help him walk, his physical therapist recommended that he use a wheelchair when he

would need to go long distances. Because CIF was not wheelchair accessible, Chandler says he was transferred to Indiana State Prison ("ISP").

At ISP, though, Chandler alleges that he has not been given a wheelchair. He contends that medical staff saw that he could walk and told him to continue with just a cane. Chandler has submitted multiple request forms, but all the doctors and nurse practitioners he has seen refuse to allow him a wheelchair. They offered him a rolling walker, but he refused that because he said a walker would not help. He contends that his neurologist out of Indianapolis even requested that he use a wheelchair, but he is still without one.

Every day, Chandler says he is in pain when walking to chow and to get his medication. He says that every time his leg gives out, a jolt of pain shoots up his entire body. He sues Centurion, the private company that provides medical care at the prison, for damages.

Chandler is entitled to constitutionally adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, his complaint does not state a claim against Centurion, and he does not name any other defendant to hold responsible. A medical claim under the Eighth Amendment requires a prisoner to plausibly allege both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). But when the defendant is a company, rather than an individual medical provider, Chandler must show that the constitutional violation stemmed from an official policy, custom, or practice attributable

to the company. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). There is no respondeat superior liability under 42 U.S.C. § 1983, which means that Centurion cannot be held liable for damages simply because it employed a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Here, Chandler does not allege that being denied a wheelchair was due to a Centurion policy, practice, or custom. Centurion is not a proper defendant.

This complaint does not state a claim for which relief can be granted. If Chandler believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kyle Chandler until **April 8, 2024**, to file an amended complaint; and

3

4

(2) CAUTIONS Kyle Chandler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 5, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT