UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-935-JD-JEM |
| NANCY MARTHAKIS, KIMBERLY PFLUGHAUPT, and WARDEN OF INDIANA STATE PRISON, | |
| Defendants. | |

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, filed an amended complaint about the medical care he is receiving at Indiana State Prison to treat his multiple sclerosis. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chandler alleges that he is not receiving necessary care for his multiple sclerosis at Indiana State Prison. He says that he was previously housed at Correctional Industrial Facility, but after his physical therapist recommended that he use a wheelchair when he needs to walk long distances, he was transferred to Indiana State

Prison, which could better accommodate an inmate in a wheelchair. But he alleges that since his transfer in April 2022, he has seen Dr. Nancy Marthakis and Nurse Practitioner Kimberly Pflughaupt several times, and both of them have denied his request for a wheelchair. He alleges he needs one when he has to walk long distances because when he walks, one or both legs gives out, sending a jolt of pain throughout his whole body. The physical therapist Chandler sees at Indiana State Prison also recommended that Chandler use a wheelchair, but none has been provided.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the

2

person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Chandler may proceed against Dr. Marthakis and NP Plaughaupt on an Eighth Amendment claim for deliberate indifference to his serious medical needs.

In addition, Chandler asks that the court order that he get a wheelchair and a medical mattress. He has plausibly alleged that he is not currently receiving constitutionally adequate medical care, though the solution might not be a wheelchair or special mattress. The Warden of Indiana State Prison is an appropriate party to ensure inmates in his custody receive constitutionally adequate care for serious medical needs. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant, and Chandler will be permitted to proceed on a claim against the Warden in his official capacity for injunctive relief to obtain medically necessary accommodations for his multiple sclerosis to the extent required by the Eighth Amendment.

Finally, Chandler sues Terry Fritter, the head of Centurion at Indiana State Prison. He alleges that he has not seen her in person, but he has written her "a couple of requests." ECF 7 at 2. In each case, she responded that he has been seen and she agrees with Dr. Marthakis and NP Pflughaupt. This does not provide the level of involvement necessary to hold her liable for deliberate indifference to his serious medical needs. Because she did not personally treat him and instead handed medical requests, Chandler "has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to

3

'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Chandler does not say what he communicated to Fritter in his requests, so there is no basis to find that she was deliberately indifferent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

For these reasons, the court:

(1) DIRECTS the clerk to add as a defendant the Warden of Indiana State Prison in his official capacity;

(2) GRANTS Kyle Chandler leave to proceed against Dr. Nancy Marthakis and NP Kimberly Pflughaupt in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his need for a wheelchair due to multiple sclerosis in violation of the Eighth Amendment;

(3) GRANTS Kyle Chandler leave to proceed against the Warden of Indiana State Prison in his official capacity for permanent injunctive relief to receive medically necessary accommodations for his multiple sclerosis as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Terry Fritter;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) the Warden of Indiana State Prison at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 7);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis and NP Kimberly Pflughaupt at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 7);

(8) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis, NP Kimberly Pflughaupt, and the Warden of Indiana State Prison to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 28, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT