UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KYLE CHANDLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-935-JD-JEM |
| NANCY MARTHAKIS, et al., | |
| Defendants. | |

OPINION AND ORDER

Kyle Chandler, a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Dr. Nancy Marthakis and NP Kimberly Pflughaupt in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his need for a wheelchair due to multiple sclerosis in violation of the Eighth Amendment;" and (2) "against the Warden of Indiana State Prison in his official capacity for permanent injunctive relief to receive medically necessary accommodations for his multiple sclerosis as required by the Eighth Amendment[.]" ECF 8 at 4. On November 12, 2024, the defendants filed a motion for summary judgment, arguing Chandler did not exhaust his available administrative remedies before filing this lawsuit. ECF 31. With the motion, the defendants provided Chandler the notice required by N.D. Ind. L.R. 56-1(f). ECF 34. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but Chandler still has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v.*

*McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Chandler's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at ISP. ECF 32-1 at 2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* Chandler submitted numerous grievances at ISP related to his medical care, but did not fully exhaust any relevant grievance. *Id.* at 3-8. Specifically, on January 11, 2023, Chandler submitted Grievance 149815, requesting he be provided a wheelchair. *Id.* at 5-6; ECF 32-8 at 6. On February 8, 2023, the grievance office rejected Grievance 149815 on its merits, concluding medical staff was treating Chandler's condition and had found he did not need a wheelchair. ECF 32-1 at 6; ECF 32-8 at 5. Chandler submitted a Level I appeal to the warden, which the warden denied. ECF 32-1 at 6; ECF 32-8 at 1-4. Mr. Chandler never submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to exhaust the grievance. ECF 32-1 at 6; ECF 32-8 at 1; ECF 32-3 at 4.

---

[1] Because Chandler has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Chandler's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Chandler submitted numerous other grievances related to his medical care, but these grievances did not address his need for a wheelchair and, regardless, Chandler did not fully exhaust any of these grievances. ECF 32-1 at 3-8; ECF 32-4; ECF 32-5; ECF 32-6; ECF 32-7; ECF 32-9; ECF 32-10; ECF 32-11; ECF 32-12.

Here, the defendants have met their burden to show Chandler did not exhaust his available administrative remedies before filing this lawsuit. Specifically, it's undisputed Chandler submitted one relevant grievance, but did not fully exhaust that grievance by submitting a Level II appeal to the Department Grievance Manager. Chandler doesn't argue or provide evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable. Therefore, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 31); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Kyle Chandler and to close this case.

SO ORDERED on April 9, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT